IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO STATE UNIVERSITY,<br><br>    Defendant<br>_____/ | No. C-06-3209 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF UNDER RULES 12(e), 12(f) AND 12(b)(6); VACATING HEARING**<br><br>(Docket No. 9) |

    Before the Court is defendant San Francisco State University's motion, filed June 2, 2006, seeking (1) a more definite statement of plaintiff's claims, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure; (2) an order striking certain portions of the complaint, pursuant to Rule 12(f); and/or (3) dismissal of the complaint, pursuant to Rule 12(b)(6). Plaintiff has filed numerous memoranda in response to the motion, to which defendant has filed a single reply.[1] Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the July 14, 2006 hearing.

    Although plaintiff's complaint is replete with extraneous and irrelevant material, she has adequately pleaded claims for employment discrimination and retaliation based on

---

[1] Plaintiff is hereby advised that, pursuant to the Civil Local Rules of this District, only one opposition, of not more than 25 pages in length, may be filed in response to any motion. See Civil L.R. 7-3(a). Plaintiff shall familiarize herself with the Civil Local Rules, which are available from the Clerk of the Court, and on the Court's website at http://www.cand.uscourts.gov.

disability, sex, and age, in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act.  <u>See</u>, e.g., <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 508 (2002) (holding employment discrimination complaint need not "contain specific facts establishing a prima facie case of discrimination," but, rather, need only contain "a short and plain statement of the claim").  Accordingly, the Court will deny defendant's motion to dismiss and motion for a more definite statement.

The Court agrees with defendant, however, that the extensive narrative statement included in the complaint contains numerous allegations that are unnecessary or irrelevant to any federal claim, and to which defendant should not be required to respond.  Defendant's motion to strike is well-taken.

Accordingly, for the reasons set forth above,

1. Defendant's motion is DENIED to the extent defendant seeks dismissal of the complaint or a more definite statement of the claims.

2. Defendant's motion is GRANTED to the extent defendant seeks an order striking irrelevant material from the complaint, and the following language is hereby STRICKEN from the complaint: page 8, lines 12-19; page 9, lines 16-22; page 10, final paragraph; page 11, line 9 through the end of the page; pages 12 through 15 in their entirety; page 16, lines 1 through 11; page 17, line 17 through the end of the page; pages 18 and 19 in their entirety; page 20, lines 5 through 10; page 20, lines 13 through the end of the page; page 21, lines 1 and 2; page 21 line 10 through the end of the page; and page 22, lines 1 through 7.

3. Defendant shall file an answer to the remainder of the complaint no later than July 21, 2006.

This order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: June 30, 2006

_____
MAXINE M. CHESNEY
United States District Judge