IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIA POWELL KELLER-MCINTYRE,

    Plaintiff,

v.

SAN FRANCISCO STATE UNIVERSITY,

    Defendant

_____/

No. C-06-3209 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

    On June 30, 2006, the Court granted in part and denied in part defendant's Motion for Relief Under Rules 12(e), 12(f), and 12(b)(6). In particular, the Court denied the motion to the extent defendant sought dismissal or a more definite statement, and granted the motion to the extent defendant sought to strike certain language from the complaint. On July 5, 2006, plaintiff filed a "Request Rescinding Granting in Part Defendant's Motion," which the Court construes as a motion for leave to file a motion for reconsideration of the Court's order granting defendant's motion to strike language from the complaint.

    Pursuant to Civil Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." See Civil L.R. 7-9(a). A party seeking to file a motion for reconsideration must show (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" and "that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at

the time of the interlocutory order"; (2) "[t]he emergence of new facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See Civil L.R. 7-9(b).

Here, plaintiff bases her motion on a recent decision of the United States Supreme Court, Burlington Northern & Santa Fe Railway Co. v. White, 2006 WL 1698953 (June 22, 2006), which was issued after plaintiff filed her opposition. As plaintiff notes, the Supreme Court held therein that Title VII's "anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace." See id. at *3. Although plaintiff is correct that Burlington Northern is relevant new authority with respect to how plaintiff ultimately may prove her retaliation claim, nothing in Burlington Northern sets forth a new standard for pleading such a claim. As the Court noted in its order denying defendant's motion to dismiss plaintiff's retaliation claim, an employment discrimination complaint need only contain a short and plain statement of the claim. See Order Granting in Part and Denying in Part Defendant's Motion for Relief Under Rules 12(e), 12(f), and 12(b)(6), filed June 30, 2006, at 2 (citing Swierkiewicz v. Sorema, 534 U.S. 506, 508 (2002)). Because the Court denied defendant's motion to dismiss plaintiff's retaliation claim, Burlington Northern provides no basis for reconsideration of that order.

Accordingly, plaintiff's motion for leave to file a motion for reconsideration is hereby DENIED.

This order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: July 6, 2006

_____
MAXINE M. CHESNEY
United States District Judge