UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE,<br><br>          Plaintiff,<br><br>   v.<br><br>COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY,<br><br>          Defendant.<br>_____/ | No. C-06-3209 MMC (EMC)<br><br>**ORDER RE OBJECTIONS DURING DEPOSITIONS AND PLAINTIFF'S REQUEST FOR ONE ADDITIONAL DEPOSITION AND EXTENSION OF TIME** |

On October 17, 2006, the Court held a telephone conference call to address discovery disputes raised by Ms. Keller-McIntyre in an e-mail.[1] The Court also discussed with the parties a motion recently filed by Ms. Keller-McIntyre, in which she asked for permission to take the deposition of Provost John Gemello and for an extension of time to designate an expert. This order memorializes the rulings of the Court made during the course of the conference call.

A. <u>Deposition of Russell Kilday-Hicks</u>

Defense counsel may object at any point during the deposition in order to preserve the objection(s). However, in general, the objection should be no longer than two or three words (*e.g.*, lack of personal knowledge, speculative, vague/ambiguous, calls for legal conclusion). Unless defense counsel specifically instructs the deponent not to answer, the deponent should answer the question (to the extent that he is able). Although the Court provides this guidance for the deposition

---

[1] As noted in the Court's order located at Docket No. 92, the Court will not in the future consider any e-mails sent by either party.

1 of Mr. Kilday-Hicks, it expects that the parties should conduct themselves in accordance with this
2 order for all future depositions of defense witnesses.

3 B.    Deposition of Richard Dziadur

4 According to Ms. Keller-McIntyre, she recently filed a motion asking for the same relief
5 sought in her e-mail (*i.e.*, to redepose Richard Dziadur and to have the College pay for the costs of
6 the deposition because of alleged improper conduct by defense counsel during the deposition). The
7 Court therefore shall await receipt of the motion before ruling on the merits of this discovery
8 dispute. In order to assess Ms. Keller-McIntyre's claims that defense counsel acted improperly
9 during the deposition, she must provide the Court with *specific examples* of improper conduct by
10 defense counsel.

11 Assuming that Ms. Keller-McIntyre's motion is substantively the same as her e-mail and
12 fails to provide specific examples of improper conduct by defense counsel, the Court shall give her
13 until October 27, 2006, to file with the Court *and* serve on defense counsel supplemental evidence
14 establishing specific examples of improper conduct by defense counsel. Thereafter, the College
15 shall have until November 1, 2006, to file an opposition to Ms. Keller-McIntyre's motion. There
16 shall be no reply brief. Based on the papers submitted, the Court shall decide whether a telephone
17 conference call or formal hearing is needed.

18 C.    Ms. Keller-McIntyre's Request to Take the Deposition of John Gemello

19 The Court **DENIES** Ms. Keller-McIntyre's request to take one additional deposition, *i.e.*, the
20 deposition of Mr. Gemello. Mr. Gemello is not one of the relevant decision makers.

21 D.    Ms. Keller-McIntyre's Request for an Extension of Time to Designate an Expert

22 The Court **GRANTS** Ms. Keller-McIntyre's request for an extension of time to designate an
23 expert. However, the Court shall only give Ms. Keller-McIntyre until December 1, 2006, to
24 designate an expert. Although not addressed by the Court during the conference call, as a matter of
25 fairness, the College shall have until December 15, 2006, to designate a rebuttal expert. The College
26 ///
27 ///
28 ///

2

shall be given one extra week -- *i.e.*, until December 22, 2006 -- to take the deposition of any expert designated by Ms. Keller-McIntyre.  Likewise, should the College designate a rebuttal expert, Ms. Keller-McIntyre shall have until December 22, 2006, to take the deposition of the expert.

IT IS SO ORDERED.

Dated:  October 18, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY,<br><br>　　　　Defendant.<br>_____/ | No. C-06-3209 MMC (EMC)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Julia Powell Keller-McIntyre
P.O. Box 320662
San Francisco, CA 94132
415/314-4204 (cell)
415/405-3943 (work)

*ALL OTHER COUNSEL/PARTIES TO RECEIVE ORDER VIA ELECTRONIC FILING*

Dated: October 18, 2006　　　　RICHARD W. WIEKING, CLERK

　　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　　　Leni Doyle
　　　　　　　　　　　　　　　　　　Deputy Clerk

4