United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE, | No. C-06-3209 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S REQUEST FOR ORDER EXTENDING DISCOVERY DEADLINE** |
| COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY, | **(Docket No. 97)** |
| Defendant. | |
| _____/ | |

Plaintiff Julia Powell Keller-McIntyre has filed a motion asking that discovery be extended so that she may obtain certain documents that she subpoenaed from the College. Having considered the parties' submissions, and good cause appearing therefor the Court hereby **GRANTS** the motion.

As a preliminary matter, the Court notes that Ms. Keller-McIntyre did not provide the Court with a copy of the subpoena so that it is not clear when the subpoena was served; nor is it clear what the scope of the subpoena is. It appears, however, that the subpoena was served at the earliest on October 16, 2006, *i.e.*, only days before the discovery cut-off of October 20, 2006, *see* Mot. at 1 (claiming that "the necessity of obtaining [the documents] came up in depositions taken this week"), and that, in the subpoena, Ms. Keller-McIntyre asked the College to produce personnel records (including performance appraisals) for each and every employee of the College and the Student Resources Center over the past five (5) years.

Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified only upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b). Ms. Keller-McIntyre

1  argues that there is good cause for a discovery extension because the personnel documents are
2  "relevant and vital" to her case. *Id.*  Although Ms. Keller-McIntyre does not explain how the
3  personnel records are relevant and vital, the need for at least some of the documents in the personnel
4  records is easy to understand -- *i.e.*, presumably, Ms. Keller-McIntyre wishes to examine the
5  personnel records of (1) the alleged discriminators to see if they committed or were accused of
6  committing similar acts of discrimination in the past and (2) the employees similarly situated to her
7  who were treated more favorably to see whether they were deserving of the more favorable
8  treatment.  The College objects that the subpoena is overbroad and unduly burdensome, does not
9  seek relevant information, and would violate the privacy rights of third parties.

10        The Court agrees with the College that, to the extent the subpoena seeks *all* of the documents
11  in the personnel records of *all* of the College's employees for the past five (5) years, the subpoena is
12  overbroad and unduly burdensome.  However, as indicated above, some of the documents in the
13  personnel records of some of the employees may well be relevant to the instant case.  Moreover,
14  given the extended pretrial schedule, Defendant will not be prejudiced by the brief extension in
15  discovery for the limited purpose allowed herein.  Accordingly, the Court finds that there is good
16  cause to extend the discovery deadline for the limited purpose of enforcing the subpoena.  The
17  Court, however, shall limit the scope of the subpoena to address Defendant's objections.  More
18  specifically, the Court orders as follows:

19        (1)    Within three (3) court days of this order, Ms. Keller-McIntyre shall identify for the
20  College all decisionmakers at the College who allegedly discriminated against her and on what basis
21  (*e.g.*, age, gender, disability). Within two (2) weeks, the College shall produce from the personnel
22  records of these decisionmakers any and all documents that relate to any alleged discrimination by
23  the decisionmakers on the same basis or complaints of such discrimination by the decisionmakers
24  within the past three (3) years.

25        (2)    Within three (3) court days of this order, Ms. Keller-McIntyre shall identify for the
26  College no more than five (5) employees who were allegedly treated more favorably than her.
27  Within two (2) weeks, the College shall produce from the personnel records (within the last three (3)
28

2

years) of these employees any and all documents related to job performance, including but not limited to qualifications and performance appraisals.

Moreover, in order to protect the privacy rights of third parties, the Court orders that all documents to be produced by the College in conjunction with this order shall be produced subject to a protective order. The parties should sign the Model Protective Order used in this District and the documents to be produced shall be covered by Protective Order. Ms. Keller-McIntyre is warned that she must abide by the terms of the Protective Order or risk imposition of sanctions.

This order disposes of Docket No. 97.

IT IS SO ORDERED.

Dated:  October 31, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE, | No. C-06-3209 MMC (EMC) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY, | |
| Defendant. _____ / | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Julia Powell Keller-McIntyre
P.O. Box 320662
San Francisco, CA 94132
415/314-4204 (cell)
415/405-3943 (work)

*ALL OTHER COUNSEL/PARTIES TO RECEIVE ORDER VIA ELECTRONIC FILING*

Dated: October 31, 2006         RICHARD W. WIEKING, CLERK


By: _____/s/_____
    Leni Doyle
    Deputy Clerk

4