United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE, | No. C-06-3209 MMC (EMC) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |
| COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY, | **(Docket No. 112)** |
| Defendant. _____/ | |

Defendant the College of Health & Human Services, San Francisco State University, has filed a letter asking that the Court issue an order directing Plaintiff Julia Powell Keller-McIntyre to stop contacting University employees about her lawsuit and instead work through the office of the University's counsel. The Court construes this request as a motion for a protective order. *See, e.g.*, *Broadnax v. Department of Veteran Affairs Washington Mut. Bank*, No. 2:04cv693, 2005 U.S. Dist. LEXIS 9549, at *15-16 (E.D. Va. May 19, 2005) (addressing defendant's motion for a protective order to prohibit plaintiff from contacting employees of defendant except through counsel).

Under Federal Rule of Civil Procedure 26(c), a party may seek a protective order to prevent annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). The College suggests that it is being oppressed by Ms. Keller-McIntyre's communications with employees because her conduct violates certain unidentified "rules."

Although the College does not specify what rules are at issue, it appears that it is referring to the California Rules of Professional Conduct. *See* Civ. L.R. 11-4(a)(1) (providing that every

member of the bar of this Court and any attorney permitted to practice in this Court must be familiar and comply with the standards of professional conduct required of members of the State Bar of California). California Rule of Professional Conduct 2-100 provides that, "[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." Cal. R. Prof. Conduct 2-100(A).

The problem with the College's argument is that Rule 2-100 is not a bar to Ms. Keller-McIntyre's communicating with University employees. The rule states that a *member* of the California State Bar[1] cannot communicate directly or indirectly with a represented party, but Ms. Keller-McIntyre is not a member of the Bar. *Cf. Eldaghar v. City of N.Y. Department of Citywide Administrative Servs.*, No. 02 Civ. 9151 (KMW) (HBP), 2004 U.S. Dist. LEXIS 3503, at *3 (S.D.N.Y. Mar. 5, 2004) ("Although professional ethics restrictions that may prevent an attorney from contacting a current or former employee of a represented, adverse party, the pro se plaintiff here is not an attorney and is not, therefore, subject to these professional restrictions."). *But cf. Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. Apr. 1, 2005) ("[A]lthough they are *pro se* litigants, Plaintiffs must abide by the Minnesota Rules of Professional Conduct, which prohibit a lawyer from communicating with a party known to be represented by another lawyer.").

Even if Ms. Keller-McIntyre could be held to the requirements of the California Rules of Professional Conduct, the Court notes that comments to Rule 2-011 specifically note that "the rule does not prohibit a member who is *also* a party to a legal matter from directly or indirectly communicating on his or her own behalf with a represented party. Such a member has independent rights as a party which should not be abrogated because of his professional status." Cal. R. Prof. Conduct 2-100, comments (emphasis added). Of course, "[t]o prevent any possible abuse in such situations, the counsel for the opposing party may advise that party (1) about the risks and benefits of communications with a lawyer-party, and (2) not to accept or engage in communications with the lawyer-party." *Id.*

---

[1] *See* Cal. R. Prof. Conduct 1-100(B)(2) ("'Member' means a member of the State Bar of California.").

2

That Rule 2-100 does not apply to Ms. Keller-McIntyre, however, does not mean that the College cannot seek relief because Ms. Keller-McIntyre's conduct is purportedly an annoyance or nuisance. *Cf. Eldaghar*, 2004 U.S. Dist. LEXIS 3503, at *4 (noting that "no litigant, whether pro se or represented, has the right to harass a potential witness or to make a nuisance of himself"). At this juncture, however, the Court cannot conclude that Ms. Keller-McIntyre's behavior has reached such a level that a protective order is necessary. Ms. Keller-McIntyre, however, is forewarned that the Court is not precluding the College from seeking a protective order should her future conduct rise to the level of annoyance or nuisance.

This order disposes of Docket No. 112.

IT IS SO ORDERED.

Dated: November 9, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE, | No. C-06-3209 MMC (EMC) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Julia Powell Keller-McIntyre
P.O. Box 320662
San Francisco, CA 94132
415/314-4204 (cell)
415/405-3943 (work)

*ALL OTHER COUNSEL/PARTIES TO RECEIVE ORDER VIA ELECTRONIC FILING*

Dated:  November 9, 2006             RICHARD W. WIEKING, CLERK


                                     By:  _____/s/_____
                                          Leni Doyle
                                          Deputy Clerk