United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY,<br><br>　　　　　Defendant.<br>_____/ | No. C-06-3209 MMC (EMC)<br><br>**ORDER RE (1) DEFENDANT'S OBJECTION TO ORDER GRANTING PLAINTIFF'S REQUEST FOR ORDER EXTENDING DISCOVERY DEADLINE; AND (2) PLAINTIFF'S "APPEAL" OF JUDGE CHEN'S ORDER OF OCTOBER 31, 2006, AND MOTION THAT DEFENDANTS BE REQUIRED TO PRODUCE THE PERSONNEL FILES AND RESPOND TO PLAINTIFF'S DISCOVERY**<br><br>**(Docket Nos. 111, 123)** |

Both the University and Ms. Keller-McIntyre have objected to this Court's order of October 31, 2006, in which it granted Ms. Keller-McIntyre's request for an extension of the discovery deadline. Judge Chesney referred the objections to the undersigned for resolution. Having reviewed the parties' briefs and accompanying submissions, the Court hereby rules as follows.

**I.   DISCUSSION**

A.   University's Objections

The University makes, in essence, two objections. First, it asks that the order be modified so that Ms. Keller-McIntyre may designate only five *similarly situated* employees whom she believes received better treatment. Second, it asks that, if any records are to be produced, they should first be

1  submitted to the Court for *in camera* review to determine whether the records actually involve
2  similarly situated employees.

3  The Court finds that the first modification sought by the University is warranted. Indeed, the
4  Court's order of October 31 implied that the five employees that Ms. Keller-McIntyre could
5  designate were to be similarly situated employees. *See* Order of 10/31/06, at 2 (noting that,
6  presumably, Ms. Keller-McIntyre wanted to examine the personnel records of "the employees
7  similarly situated to her who were treated more favorably to see whether they were deserving of the
8  more favorable treatment").

9  However, the second modification sought by the University is not justified. First, the Court
10 rejects the University's argument that a similarly situated employee is limited to an employee who
11 had the same supervisor, was subject to the same standards, and engaged in the same conduct.
12 "[S]imilarly situated does not require that the employees be *identically* situated. The employees
13 need not necessarily have the same supervisor, be subject to the same standards, and engage in the
14 same conduct. The relevance of such factors depends on the circumstances and nature of the case.
15 The critical question is whether the plaintiff and the other employee are similarly situated in 'all
16 material respects.'" *Bowden v. Potter*, 308 F. Supp. 2d 1108, 1117 (N.D. Cal. 2004) (emphasis in
17 original). "The issue of similarly situated status is . . . fact specific and defies a mechanical or
18 formulaic approach." *Id.*

19 Second, the question of whether an employee is similarly situated is ordinarily a question of
20 fact for the jury. *See id.*; *see also George v. Leavitt*, 407 F.3d 405, 414 (D.C. Cir. 2005) ("'Whether
21 two employees are similarly situated ordinarily presents a question of fact for the jury.'"); *Lunini v.*
22 *Grayeb*, 395 F.3d 761, 770 n.6 (7th Cir. 2005) ("[A]s a general matter, whether individuals are
23 similarly situated is a factual question for the jury."); *Mandell v. County of Suffolk*, 316 F.3d 368,
24 379 (2d Cir. 2003) (stating that the question of whether an employee is similarly situated to the
25 plaintiff is ordinarily a question of fact for the jury). If the Court were to adopt the University's
26 proposal, then it would be preempting the jury's role as factfinder. The privacy rights of University
27 employees should, as a general matter, be adequately protected by (1) a protective order and (2) this
28 order which limits Ms. Keller-McIntyre's designation of employees to those whom she believes are

2

1  similarly situated. If the University believes that one of the employees designated by Ms. Keller-
2  McIntyre is *so* outside the bounds of who could be similarly situated (*e.g.*, no reasonable jury could
3  find the employee to be similarly situated), then it may move for a protective order. Of course,
4  before seeking such recourse, the University should meet and confer with Ms. Keller-McIntyre to
5  discuss, *inter alia*, why she believes the employee(s) to be similarly situated and why the University
6  believes otherwise. If *in camera* review is needed to resolve any such dispute, the Court may
7  employ such review at that time.

8  As to the current designation by Ms. Keller-McIntyre of employees who were treated more
9  favorably (*i.e.*, of Mr. Katz, Mr. Ford, Mr. Davis, Mr. Dziadur, and Mr. Taylor), the Court shall not
10 order the University to comply because the Court is now modifying its October 31 order.[1] *See* page
11 5, *infra*. Ms. Keller-McIntyre is forewarned that, in designating the five similarly situated
12 employees, she must be prepared to explain why they are similarly situated and be prepared to
13 articulate the criteria by which that similarity is established.

14 B.   Ms. Keller-McIntyre's Objections

15 Ms. Keller-McIntyre makes several objections in her "appeal."

16 First, she argues that the University should be compelled to produce personnel records
17 without any limitation as to time. At a minimum, she contends, the University should produce
18 personnel records within the last ten (10) years because her "claim involves 10 years of treatment by
19 defendant." Pl.'s "Appeal" at 1. The Court rejects Ms. Keller-McIntyre's contention that records
20 should be produced without any limitation as to time. Originally, she asked for documents within
21 the past five (5) years only. Moreover, the relevance of documents that could be a decade old is
22 marginal at best. As for Ms. Keller-McIntyre's contention that records within the past ten (10) years
23 should still be produced, the Court disagrees. Again, originally, Ms. Keller-McIntyre limited her
24 request to the past five (5) years. Furthermore, only that conduct by the University and its
25 employees that falls within the statute of limitations can be the basis of Ms. Keller-McIntyre's

---

[1] Of course, this does not bar Ms. Keller-McIntyre from obtaining their personnel records if they are any of the decisionmakers who allegedly discriminated against her (as specified by the October 31 order).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1 discrimination claims. Records from the past three (3) years should be sufficient for Ms. Keller-
2 McIntyre to move forward with her claims.

3       Second, Ms. Keller-McIntyre asserts that she needs the personnel files of eleven University
4 employees[2] in order to show: (1) that certain employees were treated more favorably (*e.g.*, because
5 they received promotions when their work was "less than or simply equal to" hers or because they
6 received "lesser evaluations" than she did but "were not stripped of responsible work duties"); and
7 (2) that certain employees who are supervisors discriminated against other employees on the basis of
8 sex, age, or disability. Pl.'s "Appeal" at 2. Ms. Keller-McIntyre does not explain which University
9 employee fits into which category. Nor does she explain why the Court's order of October 31
10 precludes her from obtaining the personnel files of these employees. In fact, the Court notes that the
11 October 31 order permits Ms. Keller-McIntyre to obtain the personnel files of *all* decisionmakers
12 who allegedly discriminated against her on the basis of, *e.g.*, age, gender, and disability.

13       However, the October 31 order does specify that Ms. Keller-McIntyre may obtain the
14 personnel files of only five employees who were treated more favorably (as modified *infra*, five
15 *similarly situated* employees who were treated more favorably). Ms. Keller-McIntyre implies that
16 five is not sufficient because there are both employees who were treated more favorably by
17 promotion *and* employees who were treated more favorably by failure to "demote." The Court
18 concludes that the balance it struck in permitting Ms. Keller-McIntyre to take the depositions of five
19 similarly situated employees who were treated more favorably is fair and adequate. Ms. Keller-
20 McIntyre's need for additional depositions of comparators must be balanced against the burden upon
21 the University and the privacy interests of employees whose files would be disclosed.

22       Finally, Ms. Keller-McIntyre argues that the Court should order the University to respond to
23 written discovery that she propounded on October 10, 2006. This Court previously denied this
24 request on November 2, 2006, *see* Docket No. 107, and Judge Chesney affirmed this Court's ruling
25 on November 14, 2006. *See* Docket No. 120. Accordingly, this objection by Ms. Keller-McIntyre is
26 meritless. Both this Court and Judge Chesney have already ruled on the request.

---

28       [2] Ms. Keller-McIntyre's brief actually lists fourteen individuals but three of the individuals are listed twice (*i.e.*, Jonathan Davis, Lucas Ford, and Richard Dziadur).

4

## II. **CONCLUSION**

Accordingly, the Court concludes that its order of October 31 shall be modified only as follows: The Court shall not enforce the current designation by Ms. Keller-McIntyre of employees who were treated more favorably (*i.e.*, of Mr. Katz, Mr. Ford, Mr. Davis, Mr. Dziadur, and Mr. Taylor). Instead, within three (3) court days of this order, Ms. Keller-McIntyre shall identify for the University no more than five (5) *similarly situated* employees who were allegedly treated more favorably than her. Within two (2) weeks, the College shall produce from the personnel records of these employees (within the last three (3) years) any and all documents related to job performance, including but not limited to qualifications and performance appraisals.

Ms. Keller-McIntyre is forewarned that she risks imposition of sanctions if she designates an employee(s) who could not reasonably be considered similarly situated such that the University would be compelled to move for -- and the Court issue -- a protective order. Likewise, the University is forewarned that it risks imposition of sanctions if it files a motion for a protective order based on too narrow an interpretation of who might be similarly situated.

This order disposes of Docket Nos. 111 and 123.

IT IS SO ORDERED.

Dated: November 29, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIA POWELL KELLER-MCINTYRE,   No. C-06-3209 MMC (EMC)

    Plaintiff,

    v.

COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Julia Powell Keller-McIntyre
P.O. Box 320662
San Francisco, CA 94132
415/314-4204 (cell)
415/405-3943 (work)

*ALL OTHER COUNSEL/PARTIES TO RECEIVE ORDER VIA ELECTRONIC FILING*

Dated: November 29, 2006    RICHARD W. WIEKING, CLERK

By: _____/s/_____
    Leni Doyle
    Deputy Clerk