1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8   JULIA POWELL KELLER-MCINTYRE,              No. C-06-3209 MMC (EMC)

9            Plaintiff,

10       v.                                    **ORDER DENYING IN PART
                                               PLAINTIFF'S REQUEST TO MODIFY
11  COLLEGE OF HEALTH & HUMAN                  CASE SCHEDULING ORDER; AND
    SERVICES, SAN FRANCISCO STATE              REPORT AND RECOMMENDATION
12  UNIVERSITY,                                RE DEFENDANT'S MOTION FOR
                                               ORDER PROHIBITING PLAINTIFF'S
13           Defendant.                        INTRODUCTION OF EXPERT
                                               WITNESS TESTIMONY**
14  _____/
                                               **(Docket Nos. 130 and 132)**
15

16          Plaintiff Julia Keller-McIntyre has asked the Court to modify the case scheduling order.  In

17  response, Defendant the College of Health & Human Services, San Francisco State University

18  ("University") filed an objection to Ms. Keller-McIntyre's request and also moved for an order

19  prohibiting Ms. Keller-McIntyre from introducing expert witness testimony.  The latter is ultimately

20  the trial judge's determination.  Having considered the parties' briefs and accompanying

21  submissions, the Court hereby **DENIES** in part Ms. Keller-McIntyre's motion (Docket No. 130) and

22  recommends that the University's motion to exclude be denied (Docket No. 132 ).

23                            **I.    DISCUSSION**

24  A.    Parties' Objections to Court's Order of October 31, 2006

25          On October 31, 2006, this Court issued an order regarding personnel records sought by Ms.

26  Keller-McIntyre.  *See* Docket No. 104.  Both parties timely objected, the University on November 8,

27  2006, *see* Docket No. 111, and Ms. Keller-McIntyre on November 13, 2006.  *See* Docket No. 123;

28  *see also* Fed. R. Civ. P. 72(a) (noting that, "[w]ithin 10 days after being served with a copy of the

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

magistrate's order, a party may serve and file objections to the order"). Judge Chesney thereafter referred the objections to the undersigned for resolution. *See* Docket No. 120. On November 29, 2006, this Court issued an order addressing the parties' objections. *See* Docket No. 127. Subsequently, on December 1, 2006, Ms. Keller-McIntyre provided additional information related to the parties' objections as part of her request to modify the case scheduling order.

The Court hereby **STRIKES** from Ms. Keller-McIntyre's brief the additional information related to the parties' objections. Ms. Keller-McIntyre does not explain why she could not have provided this information as part of her objections filed on November 13. Nor does she explain how this information is responsive to the University's objections filed on November 8. To the extent that the information could, liberally construed, be deemed responsive to the University's objections, the response was not timely provided.[1] In any event, the information provided by Ms. Keller-McIntyre does not affect the Court's views on the merits of the parties' objections. The November 29 order therefore stands.

B. <u>Review of Personnel Records by Plaintiff's Expert, Dr. Barrett and Extension of Time to Provide Expert Report by Dr. Barrett</u>

Ms. Keller-McIntyre represents that she has retained Dr. Gerald V. Barrett as an expert. Ms. Keller-McIntyre asks the Court for permission to have Dr. Barrett review the personnel file documents produced by the University. The University does not appear to object in principle to Dr. Barrett's review of the documents; its sole contention is that Dr. Barrett should be excluded as an expert witness because Ms. Keller-McIntyre failed to provide an expert report by him at the time she disclosed his identity. Under Federal Rule of Civil Procedure 26(a)(2), the disclosure of an expert

---

[1] With respect to nondispositive matters, the Federal Rules of Civil Procedure do not expressly permit a party to respond to objections filed by the opposing party. *See id.* However, the Civil Local Rules suggest that a response may be permitted. *See* Civ. L.R. 72-2 ("Unless otherwise ordered . . . , no response need be filed and no hearing will be held concerning an objection to a Magistrate Judge's order pursuant to FRCivP 72(a) and 28 U.S.C. § 636(b)(1)(A)."). The Civil Local Rules do not provide a time frame for a response but it is fair to apply a ten-day rule. *Cf.* Fed. R. Civ. P. 72(b) (noting that, with respect to reports and recommendations issued by a magistrate judge, a party has ten days to object and then the opposing party has ten days to respond). The University served its objections on November 8, 2006. Under Federal Rule of Civil Procedure 6(e), Ms. Keller-McIntyre is deemed to have received the objections on November 13, 2006. She then had ten days to file a response -- *i.e.*, until November 27, 2006. No response was received by the Court at that time, and so it issued its order of November 29, 2006, to address the parties' objections.

**United States District Court**
For the Northern District of California

1   witness "shall, with respect to a witness who is retained or specially employed to provide expert

2   testimony in the case . . . , be accompanied by a written report prepared and signed by the witness."

3   Fed. R. Civ. P. 26(a)(2).

4          The problem with the University's argument is that Dr. Barrett could not prepare an expert

5   report without the personnel file documents.  Therefore, the Court recommends that the University's

6   request to prohibit expert testimony by Dr. Barrett be denied.  To the extent Ms. Keller-McIntyre

7   wishes to show personnel file documents to Dr. Barrett (as her expert) so that he may prepare a

8   report, the Court notes that the Model Protective Order, which the Court instructed the parties to

9   sign, addresses disclosures of confidential documents to experts.  In general, so long as a party's

10  expert signs on to the protective order, then he or she may view documents designated confidential

11  by the other party.[2]

12         The only issue remaining with respect to Dr. Barrett is Ms. Keller-McIntyre's request that,

13  once the University produces the documents from the personnel records, Dr. Barrett be given thirty

14  days to review and prepare an expert report.  This request is **DENIED** in part.  Ms. Keller-McIntyre

15  does not explain why thirty days is necessary for Dr. Barrett to review and prepare a report.  Indeed,

16  given the limited scope of documents being produced, three weeks should be sufficient.

17  Accordingly, the Court hereby orders that, once documents are produced by the University, Ms.

18  Keller-McIntyre shall have three weeks to serve an expert report by Dr. Barrett.  The University

19  shall then have two weeks to take his deposition, if it deems a deposition necessary.

20  C.     Extension of Time to Obtain Expert Report by Dr. Gabby

21         Ms. Keller-McIntyre has asked the Court for an additional forty-five days to obtain an expert

22  report from Dr. James Gabby.  The request is **DENIED**.

23         Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified only upon

24  a showing of good cause and by leave of the Court.  *See* Fed. R. Civ. P. 16(b).  There is good cause

25  if the pretrial schedule "'cannot reasonably be met despite the diligence of the party seeking the

26  extension.'  If the party seeking the modification 'was not diligent, the inquiry should end' and the

27  _____

28         [2] To the extent Dr. Barrett has asked to examine documents from the past ten years, the Court has already held that documents from the past three years are sufficient.

United States District Court

For the Northern District of California

motion to modify should not be granted." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.23d 1080, 1087 (9th Cir. 2002); *see also* Fed. R. Civ. P. 16(b), 1983 advisory committee notes ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" *Id.*; *see also* 3-16 Moore's Fed. Prac. - - Civ. § 16.14[1][b] (stating that "[t]he existence or degree of prejudice to the party opposing the modification . . . is irrelevant to the moving party's exercise of diligence and does not show good cause").

Ms. Keller-McIntyre has failed to demonstrate diligence in obtaining a report from Dr. Gabby by December 1, 2006. Ms. Keller-McIntyre has known about Dr. Gabby since the inception of this case. In fact, according to her brief, she has known about Dr. Gabby since February 2000, when he began to treat her for schizophrenia. Moreover, as established by the letter from Dr. Gabby's daughter, Ms. Keller-McIntyre has known that Dr. Gabby is disabled (or potentially disabled) since September 7, 2006. She had nearly three months to pursue the matter and obtain a report from Dr. Gabby by December 1, 2006.

The Court notes, however, that this ruling does not necessarily prevent Ms. Keller-McIntyre from calling Dr. Gabby as a witness in this case as her treating physician. *See First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, No. C-03-02013 RMW, 2006 U.S. Dist. LEXIS 57113, at *45 (N.D. Cal. Aug. 2, 2006) (Whyte, J.) ("The majority rule is that 'Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment.'"); *see also Castillo v. City & County of San Francisco*, No. C 05-00284 WHA, 2006 U.S. Dist. LEXIS 13698, at *2 (N.D. Cal. Mar. 9, 2006) (Alsup, J.) (noting that "a treating physician ordinarily is not employed or specially retained and need not prepare [an expert] report so long as his or her name and identity are disclosed"). The

**United States District Court**
For the Northern District of California

1    Court therefore recommends that the University's motion to prohibit expert testimony from Dr.

2    Gabby be denied.

3    D.        Extension of Time to Obtain Expert Report by Dr. Bryant

4           Ms. Keller-McIntyre has asked the Court for an additional thirty days to obtain an expert

5    report from Dr. C. Martel Bryant.  The request is **DENIED**.

6           Similar to the above, Ms. Keller-McIntyre has failed to demonstrate diligence.  Ms. Keller-

7    McIntyre has known about Dr. Bryant since the inception of this case; in fact, she claims that he has

8    treated her for almost thirty years.  Given this knowledge, Ms. Keller-McIntyre fails to explain why

9    she was not able to meet with him and obtain an expert report by December 1, 2006.

10          As above, this ruling does not necessarily preclude Ms. Keller-McIntyre from calling Dr.

11   Bryant as a witness in this case as her treating physician.  Therefore, the Court recommends that the

12   University's motion to exclude Dr. Bryant's expert testimony be denied.

13   E.        Extension of Time to Contact Other Experts

14          Finally, Ms. Keller-McIntyre asks for an additional forty-five days to contact other

15   physicians that have treated her for recent physical problems.  The request is moot.  Ms. Keller-

16   McIntyre does not need the Court's permission to contact third parties.

17              **II.    CONCLUSION AND RECOMMENDATION**

18          For the foregoing reasons, Ms. Keller-McIntyre's request to modify the case scheduling

19   order is denied, except that she will have three weeks from receipt of the personnel file documents to

20   serve the report of Dr. Barrett.  The Court recommends that the University's motion for an order

21   prohibiting expert witness testimony be denied.

22          This order disposes of Docket No. 130.

23

24          IT IS SO ORDERED.

25

26   Dated:  December 12, 2006

27                                                   _____

28                                                   EDWARD M. CHEN
                                                     United States Magistrate Judge

United States District Court

For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   JULIA POWELL KELLER-MCINTYRE,          No. C-06-3209 MMC (EMC)

9            Plaintiff,

10        v.

11  COLLEGE OF HEALTH & HUMAN              **CERTIFICATE OF SERVICE**
    SERVICES, SAN FRANCISCO STATE
12  UNIVERSITY,

13           Defendant.
    _____/

14

15

16        I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

17  District of California.  On the below date, I served a true and correct copy of the attached, by placing

18  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

19  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

20  receptacle located in the Office of the Clerk.

21  Julia Powell Keller-McIntyre             ***ALL OTHER COUNSEL/PARTIES TO***
    P.O. Box 320662                          ***RECEIVE ORDER VIA ELECTRONIC***
22  San Francisco, CA 94132                  ***FILING***
    415/314-4204 (cell)
23  415/405-3943 (work)

24  Dated:  December 12, 2006               RICHARD W. WIEKING, CLERK

25

26                                          By: _____/s/_____
                                                Leni Doyle
27                                              Deputy Clerk

28

                                    6