UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE,<br><br>        Plaintiff,<br><br>   v.<br><br>COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY,<br><br>        Defendant.<br>_____/ | No. C-06-3209 MMC (EMC)<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO LATE-SERVED LIST OF FIVE SIMILARLY SITUATED EMPLOYEES**<br><br>**(Docket No. 135)** |

      Defendant the College of Health & Human Services, San Francisco State University, has objected to Plaintiff Julia Powell Keller-McIntyre's designation of decision makers and employees as untimely. The University further objects that one of the five employees designated by Ms. Keller-McIntyre is not similarly situated. The Court construes the University's objections as a motion for protective order and hereby **DENIES** the motion.

      Regarding the first objection, the University has provided evidence that the designation of decision makers and employees was untimely. *See* Shupe Decl., Ex. A. However, in spite of the untimeliness, there are two factors counseling against the University's request for a protective order.

      First, the University has not demonstrated any prejudice as a result of the untimely designation. Ms. Keller-McIntyre's designation was only a few days late, and trial is not scheduled until April of next year. Second, and more important, it would have been difficult, if not impossible, for Ms. Keller-McIntyre to comply with the Court's November 29 order. The November 29 order required a designation within three days of the order. In issuing the order, the Court did not take

into account the fact that the order was served upon Ms. Keller-McIntyre by mail. It is likely that Ms. Keller-McIntyre did not receive the order until at least a day or two after service. *Cf.* Federal Rule of Civil Procedure 6(e) (where a party must act within a prescribed period after service and service is made by mail, "3 days are added after the prescribed period would otherwise expire."). Given these circumstances, the Court cannot, as a matter of fairness, hold Ms. Keller-McIntyre to the strict terms of the November 29 order.

As for the second objection, the University argues that Jason Katz is not a similarly situated employee because he is Ms. Keller-McIntyre's supervisor, "not an employee who, like plaintiff, is supervised by him." Obj. at 1. The fact that Mr. Katz is a supervisor -- even Ms. Keller-McIntyre's supervisor -- does not automatically mean that it is impossible for him to be similarly situated. As the Court indicated in its November 29 order, whether a person might be similarly situated is a fact specific inquiry and is not precluded simply because one is a supervisor. In the absence of additional argument or evidence, the Court cannot conclude that a protective order is warranted.

The University's objections are overruled.

This order disposes of Docket No. 135.

IT IS SO ORDERED.

Dated: December 21, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA POWELL KELLER-MCINTYRE, | No. C-06-3209 MMC (EMC) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| COLLEGE OF HEALTH & HUMAN SERVICES, SAN FRANCISCO STATE UNIVERSITY, | |
| Defendant. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Julia Powell Keller-McIntyre
P.O. Box 320662
San Francisco, CA 94132
415/314-4204 (cell)
415/405-3943 (work)

*ALL OTHER COUNSEL/PARTIES TO RECEIVE ORDER VIA ELECTRONIC FILING*

Dated: December 21, 2006        RICHARD W. WIEKING, CLERK

By: _____/s/_____
　　　Leni Doyle
　　　Deputy Clerk

3